CARNES, Circuit Judge,
dissenting:
The district court concluded that HealthSouth’s indemnity obligation that was part of the note amendment was not everlasting, but instead expired when the note that it was part of was paid off. The majority concludes to the contrary. The district court is right; the majority is wrong.
The agreements between these parties relating to the sale of the hospital contain two other indemnity provisions. One of them, the one that was part of the asset sale agreement, specified that the indemnity obligation in it was to last “forever.” That shows the parties knew how to make an indemnification agreement outlast the note when they intended to do so. They chose to the make the obligation that was part of the asset sale agreement last “forever,” but chose not to make the obligation that was part of the note amendment last forever.
The second of the two other indemnification provisions was in the security agreement. That provision, like the note amendment indemnity provision before us, did not specify when it was to expire. Nonetheless, Tenet conceded in the district court that the indemnity provision in the security agreement was intended to expire when the note was paid off. There is no sound reason for believing that silence about expiration meant one thing in one agreement and exactly the opposite thing in another agreement.
There is also the fact that the parties chose to put the indemnity provision in question into a six-month extension of the note, instead of making it a separate, freestanding provision that would live beyond the life of the note as extended. These were sophisticated parties represented by sophisticated attorneys engaging in a sophisticated transaction. There were at least half a dozen different agreements and documents that were part of the overall transaction. Certainly the parties and their attorneys were not shy about producing paper. If they had intended the indemnity provision to be de-linked from the six-month note extension, they could have accomplished that by making it a separate document. Instead, they chose to put the provision into an agreement that would last only six months.
Finally, in the indemnity provision at issue in this case, HealthSouth is referred to as “Guarantor.” That term is specific to its role as guarantor of Fairfield’s obligation to pay off the note in favor of Tenet. Once the note was paid off, HealthSouth was no longer the guarantor. By using that term, the parties signaled their intent that the indemnity obligation would last only as long as HealthSouth remained the guarantor. Once its role as guarantor of the note payments was over — when the six-month extension expired and the note was paid off — its role as indemnitor was over too. The majority opinion asserts without any support in the record, or elsewhere, that the parties used the terms “Guarantor” and “Payee” simply for convenience. To the contrary, if convenience were the motivation the parties could simply have referred to themselves as “HealthSouth” and “Tenet.” The inconvenient truth is that “Guarantor” and “Payee” have meaning.
Instead of reversing the district court’s grant of summary judgment to Health-South, we should affirm it.